380

| 68 | 380 |
|----|-----|
| 88 | 188 |
| 68 | 380 |
| o89 | 371 |
| 68 | 380 |
| 97 | 433 |

JAMES SLADE *et al. vs.* JAMES T. PATTEN *et als.*

Sagadahoc.   Decided July 27, 1878.

*Will.   Trust.*

The will says: " I give and devise my estate, real and personal, as follows: To each and all my children an equal part or proportion of all and singular my property; to (naming two sons and five married daughters) one-seventh part to each of them and their heirs, with the proviso, that the parts and proportions hereby devised and bequeathed to (naming four of the daughters) and their heirs, instead of paying into their hands, is to go into the hands of J S and G M P, whom I hereby appoint trustees, to hold, manage and dispose of said parts, and the property received therefor, for the use and benefit of said (naming the four daughters) and their heirs, according to the discretion of said trustees. *Held:* 1, That the trust for the use and benefit of the heirs of his daughters indefinitely, as well as for the use and benefit of his daughters, was void for perpetuity; 2, That, the trust being void, the absolute gift remained in full force and unimpaired.

A devise, if limited to vest within a life or lives in being and twenty-one years, adding, however, in case of an *enfant en ventre sa mere,* sufficient to cover the ordinary period of gestation, is good; but such limitation, to be valid, must be so made that the estate devised not only may, but must necessarily, vest within the prescribed period.

In a subsequent clause, the will says: "In case that S E (one of the daughters named) should die before her husband and leave no children, I will that her part, after the expiration of six years, be transferred by the trustees over to the parties of the six other heirs, and be equally divided between them." *Held:* That this special clause is so connected with and dependent upon the trust clause, if that fails, this will fail with it; that any other construction would defeat the prevailing purpose and manifest intent of the will, which was to give to each and all of his children "an equal part and proportion of all and singular his property."

The tenure of trustees is to be measured by the powers given and the duties imposed upon them.

A trust never fails for want of trustees. The circumstance, that there are no words of limitation or devise to the trustees, cannot affect or change the result.

BILL IN EQUITY, asking the construction of a will.

*W. L. Putnam,* for the complainants.

*N. Webb,* for Ann Augusta Whittlesey *et als.*

*C. W. Larrabee,* for George P. Slade *et als.*

*M. M. Butler & B. F. Thomas,* for Statira Elliot.

*S. C. Strout & H. W. Gage,* for James T. Patten *et als.*

APPLETON, C. J. This is a bill in equity, brought in pursuance of the provisions of R. S., c. 77, § 5, by the complainants claiming under the will of George F. Patten, to obtain the construction of the same. All having an interest in the question to be determined have been made parties to the bill, and have entered an appearance.

The will is in these words: "I give, devise and bequeath, all and singular, my estate, real and personal, as follows; that is to say, to each and all my children an equal part or proportion of all and singular my property, viz: To Catherine F. Walker, Hannah T. Slade, wife of Jarvis Slade, James T. Patten, Statira Elliot, wife of John Elliot, Paulina Tappan, wife of Winthrop Tappan, Augusta Whittlesey, wife of Eliphalet Whittlesey, and George M. Patten, one-seventh part to each of them and their heirs, with the proviso, that the parts and proportions hereby devised and bequeathed to Catherine F. Walker, Statira Elliot, Paulina Tappan and Augusta Whittlesey and their heirs, instead of passing into their hands, is to go into the hands of James Slade, of New York, and George M. Patten, of Bath, whom I hereby appoint trustees, to hold, manage and dispose of said parts, and the property received therefor, for the use and benefit of said Catherine F. Walker, Statira Elliot, Paulina Tappan and Augusta Whittlesey and their heirs, according to the discretion of said trustees."

It is apparent that the testator intended to treat all his children with perfect equality, giving "to each and all his (my) children an equal part and proportion of all and singular his (my) property;" and, while he placed "the parts and proportions" of four of his daughters in the hands of trustees, the trustees were "to hold, manage and dispose of said parts, and the property received therefor, for the use and benefit" of his said daughters and their heirs. True, it was to be according to the discretion of the trustees, but that discretion related solely to the holding, managing and disposing of these parts. There is no provision for the termination of the trust estate. It continues for the heirs of the daughters named, equally as for the daughters.

If the trustees are to hold the estate for the four daughters and the heirs of the daughters, then the trust is void as creating a perpetuity.

But it has been argued that the intention of the testator was that the trust, as to each of his daughters, should cease as to such daughter and vest in the children of such daughter. But this is against the express terms of the will, by which the trustees are to hold the estate "for the use and benefit" of the four daughters named "and their heirs." The trust is as much for the heirs of the daughters as for the daughters. The will makes no provision for the termination of the trust at the death of the daughters or their heirs. It continues as much for the latter as for the former. The devise is one and indivisible to the trustees to hold, manage and dispose of, for the use and benefit of the daughters and their heirs. In no legal sense can the daughters be deemed the first takers, and the trust valid as to them and not as to their heirs.

But assuming it to have been the testator's intention that on the decease of his daughters their respective shares should go to the heirs of such daughters in fee simple, still, this would create a perpetuity, because it was possible, that they might have heirs unborn at the testator's death and in whom the estate would not vest within lives in being and twenty-one years and a fraction afterwards.

"This rule is imperative and perfectly well established. An executory devise, either of real or personal estate, is good," observes Merrick, J., in *Fosdick* v. *Fosdick*, 6 Allen, 41, "if limited to vest within the compass of a life or lives in being, and twenty-one years afterwards; adding thereto, however, in case of an infant *en ventre sa mere*, sufficient to cover the ordinary time of gestation of such child. But the limitation, in order to be valid, must be so made that the estate, or whatever is devised or bequeathed, not only may, but must necessarily, vest within the prescribed period. If by any possibility the vesting may be postponed beyond this period, the limitation over will be void." In any view of the trust, therefore, it must be deemed void, as creating a perpetuity. 1 Perry on Trusts, §§ 381, 382, 383.

Here, in the first instance, there was an absolute gift to the daughters and their heirs. Upon this gift a limiting or restrictive clause was attempted to be grafted, which, it has been seen, was void. The first gift remains in full force, if the attempted qualifi-

cation becomes ineffectual. The presumption is that " the testator intends the prior absolute gift to prevail, except so far only as it is effectually superseded by the subsequent qualified one." 1 Jarman on Wills, § 257. " Whenever there is a limitation over," remarks Merrick, J., in *Fosdick* v. *Fosdick*, 6 Allen, 41, 43, "which cannot take effect by reason of its being too remote, the will is to be construed as if no such provision or clause were contained in it ; and the person or persons otherwise entitled to the estate or property will take it wholly discharged of the devise, bequest and limitation over. *Sears* v. *Russell*, 8 Gray, 86, 97. *Brattle Square Church* v. *Grant*, 3 Gray, 142."

The conclusion is that the trust for the daughters is void as creating a perpetuity, and the absolute gift remains.

It is obvious that there are no words of inheritance in the trustees. But that cannot be deemed material. Courts of equity do not permit a trust to fail for want of trustees. Their tenure is to be determined by their powers and duties. " The intent of the parties is determined by the scope and extent of the trust. Therefore the extent of the legal interest of a trustee in an estate given to him in trust is measured, not by words of inheritance or otherwise, but by the object and extent of the trust upon which the estate is given. On this principle two rules of construction have been adopted by courts; first, when a trust is created, a legal estate sufficient for the purposes of the trust shall, if possible, be implied in the trustee, whatever may be the limitation in the instrument, whether to him or his heirs or not; and, · second, although a legal estate may be limited to a trustee to the fullest extent, as to him and his heirs, yet it shall not be carried further than the complete execution of the trust requires." 1 Perry on Trusts, § 312. Courts will imply an estate in the trustees, though no estate is given them in words, to carry into effect the intention of the parties. The absence of words of inheritance in the trustees would not be held to limit the duration of the trust to their lives, if the trust were a valid one. But the trust being void, for the reasons already given, the estate of the trustees must cease ; as no provision has been made for a trust which could be carried legally out.

The devise to Mrs. Elliot differs from that to the other daugh-
ters. The provisions of the will as to her stand thus: First, there
is a devise to her and her heirs. Then a trust is interposed, which
we have seen is void, followed by the following clause: "In case
that Statira Elliot should die before her husband and leave no
children, I will that her part, after the expiration of six years, be
transferred by the trustees over to the parties of the other six
heirs, and to be equally divided between them."

Leaving out of consideration the trust as void, there is first a gift
to her and her heirs, but in case she dies before her husband leav-
ing no children, then over. This is as if he had said to Statira
Elliot and her children, but in case she dies leaving no chil-
dren, then over. The doctrine is thus stated: "When a tes-
tator in the first instance devises land to a person and his heirs,
and then proceeds to devise over the property in terms which
show that he used the word heirs in the prior devise in the
restricted sense of heirs to the body; such devise confers only an
estate tail, the effect being the same as if the latter expression had
been originally employed." 2 Jarman, 238. "If, therefore,"
remarks Shaw, C. J., in *Nightingale* v. *Burrell*, 15 Pick. 104,
"an estate is devised to A and his heirs, which is a fee; and it is
afterwards provided that if A die without issue, then over, this
reduces it to an estate tail by implication. The law implies that
by 'heirs' in the first devise, was intended heirs of the body, and
it also implies from the proviso, that it was not the intent of the
testator to give the estate over and away from the issue of the
first devisee, but, on the contrary, that such issue should take after
the first devisee." *Parkman* v. *Bowdoin*, 1 Sumn. 367. The
cases cited by the counsel for Mrs. Elliot lead to the conclusion
that she would be entitled to an estate tail in the real estate.

But the words which will create an estate tail when applied to
real estate, will give an absolute interest when applied to person-
alty. "The same limitation under the English law, which would
create an estate tail if applied to real estate, would vest the whole
interest absolutely in the first taker if applied to chattels." 4
Kent Com. 283. *Hall* v. *Priest*, 6 Gray, 18, 22.

Such might have been the legal rights of Mrs. Elliot had there

been no attempt at creating a trust estate, but this provision cannot be eliminated from the will. It is there. If the trust is void as to one daughter, it is void as to all. Equality among the children is the rule. It was not the intent that three daughters should have an absolute estate in their shares and the fourth to have an interest only for life. Now to set aside the trust as to three of the daughters and giving such a construction to the will as would give Mrs Elliot a life estate only in case she survived her husband, thus limiting her only to her income, so that the estate may be kept intact to meet the contingency of her dying and leaving no children, would be the making a will the testator never made and defeating his manifest intent of giving " to each and all his (my) children an equal part and proportion of his property."

If the trust was void from the beginning, then those named as trustees never held any of her property as trustees to be transferred to the heirs.

The result is that the trust as to the daughters is void as creating a perpetuity ; and, as it is the manifest intention of the testator to divide his estate equally among his children, the special clause as to Mrs. Elliot is so connected with and dependent upon the trust clause, that if that fails this fails with it, and, as they hold the estate devised as an absolute gift, so equally does she.

According to the true construction of the will of George F. Patten, it is declared :

I. That the trust attempted by said will to be vested in the complainants is wholly void.

II. That the children of Catherine F. Walker, deceased, are entitled to receive payment, delivery and conveyance of a share, to wit : one-fourth of the principal and body of the estate in the hands of the complainants, to the use of themselves, their heirs and assigns forever, absolutely and free of all control from the complainants.

III. That said Statira, Paulina and Augusta are each entitled to receive payment, delivery and assignment of a share, to wit : of one-fourth of the principal and body of the said estate in the hands of the complainants, each to the use and behoof of her-

self, her heirs and assigns forever, free from the control of these complainants.

IV. That these complainants may and shall pay, deliver and assign to said Statira, Paulina and Augusta, and to the children of said deceased Catherine, any and all of the principal and body of the estate in their hands to the use of said Statira, Paulina, Augusta, and to the heirs and assigns of each forever, and to the use of the heirs of said Catherine, their heirs and assigns, their respective and several shares, free from the control of the complainants.

And it is ordered and decreed that the costs of the proceeding be charged upon the estate of Statira, Paulina, Augusta and the heirs of Catherine.

WALTON, BARROWS, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.